UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| CARLOS PECORA AND<br>PATRIZIA PECORA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 1:15-cv-73-TRM-SKL |
| | ) | |
| SALVADOR BARBERA AND<br>ALESSANDRA BARBERA, | )<br>)<br>) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is (1) a motion to cancel depositions [Doc. 51] filed by Plaintiffs Carlos Pecora and Patrizia Pecora ("Plaintiffs") and (2) a motion of Attorney J. Edward Nanney ("Attorney Nanney") to withdraw as counsel of record for Plaintiffs [Doc. 55]. Expedited briefing was ordered on the first motion and a hearing on both motions was held on June 10, 2016. Present in person for the hearing were Attorney Nanney, the attorney for Defendants, and Defendant Salvador Barbera and present by telephone were Plaintiff Carlos Pecora and his privately-retained interpreter.

In the first motion, Plaintiffs seek to cancel three depositions that Defendants noticed pursuant to the Federal Rules of Civil Procedure to occur on June 21, 2016, in Italy [Docs. 48, 49, & 50]. In the first motion, Attorney Nanney represented that a personal family commitment through June 20, 2016, prevented the possibility of his travel to Italy in time for the depositions, and that he would seek to withdraw as counsel for Plaintiffs [Doc. 51 at Page ID # 406]. Defendants responded that the three foreign, non-party witnesses noticed for depositions in Italy

had agreed to be deposed pursuant to the Federal Rules of Civil Procedure, but were only available prior to the Court's current August 4, 2016 discovery completion deadline during the last two weeks of June [Doc. 53 at Page ID # 411].

In the second motion, Attorney Nanney seeks to withdraw as Plaintiffs' counsel of record in this case based in main part on his representation that "Plaintiffs are presently unable to meet their responsibilities to counsel under the engagement agreement" [Doc. 56 at Page ID # 454]. Plaintiffs expressly consented to Attorney Nanney's withdrawal by signing the motion [Doc. 55]. In addition, Plaintiff Carlos Pecora confirmed during the hearing that Plaintiffs consented to Attorney Nanney's withdrawal and would attempt to obtain substitute counsel within 30 days.

Based on Plaintiffs' consent to the withdrawal of Attorney Nanney, and without objection, the motion to withdraw [Doc. 55] is **GRANTED** and the Clerk is **DIRECTED** to terminate Attorney Nanney as counsel of record for Plaintiffs. By no later than **July 11, 2016**, each Plaintiff shall either (1) have an attorney file a notice of appearance on each Plaintiff's behalf; or (2) submit a written notice informing the Court that each Plaintiff intends to represent himself or herself pro se in this matter. **Plaintiffs are warned that any failure either to have an attorney file a notice of appearance or to notify the Court of each Plaintiff's intention to proceed pro se within 30 days could result in dismissal of his or her case with prejudice**.

Plaintiffs' motion to cancel depositions [Doc. 51] is **GRANTED** to the extent that the three depositions at issue will not proceed on June 21, 2016. Due to the unavailability of the foreign, non-party witnesses, the Court will **ALLOW** Defendants to timely reschedule the three depositions at issue beyond the August 4, 2016 discovery completion deadline set forth in the Court's current scheduling order.

The Clerk is **DIRECTED** to enable pro se Plaintiffs to receive this and future Court filings by email at the email addresses provided in the Notice of Change of Address provided by Attorney Nanney [Doc. 59]. However, Plaintiffs are hereby **INFORMED** that the Clerk does not accept documents for filing by email. Therefore, Plaintiffs must make arrangements to be approved by the Clerk for electronic filing or must timely file documents (such as the notices referenced herein) with the Clerk by mail or other acceptable delivery method.

SO ORDERED.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE